UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 17-cr-20751

v.                                            Honorable Thomas L. Ludington

PERRIS DEMARIUS MONCRIEF,

        Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR HOME CONFINEMENT**

On January 4, 2018, Defendant Perris Moncrief pleaded guilty to one count of felon in possession of a firearm. ECF No. 13. On April 13, 2018, he was sentenced to 70 months incarceration. ECF No. 25.

Defendant has now filed a pro se motion for home confinement because of COVID-19. ECF No. 27. Due to mailing delays caused by COVID-19, the motion was docketed on July 7, 2020, but in accordance with 20-AO-26, the postmark date of May 10, 2020 was used as the filing date.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

## II.

Defendant asks the Court to grant him home confinement. However, he does not identify legal authority permitting a court to direct that an inmate serve the remainder of their sentence in home confinement rather than at a BOP facility. After a sentence has been imposed, "[a] district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). 18 U.S.C. § 3582(c) provides that a term of imprisonment may be modified in three circumstances, 1) upon a motion for compassionate release pursuant to §

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

3582(c)(1)(A), 2) if otherwise permitted by statute or Federal Rule of Civil Procedure 35 pursuant to § 3582(c)(1)(B), or 3) the Sentencing Commission has reduced the sentencing guidelines pursuant to § 3582(c)(2).

Defendant's motion will be construed as a motion for compassionate release under § 3582(c)(1)(A) because he seeks release from a BOP facility due to health concerns. If a defendant files a motion under § 3582(c)(1)(A), he or she must first exhaust all administrative remedies with the BOP or wait for 30 days to lapse after the warden received the request. This requirement applies even during the COVID-19 pandemic. *United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).  18 U.S.C. §3582(c)(1)(A) (commonly referred to as compassionate release). The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion, Defendant does not explain whether he has sought relief from the Bureau of Prisons. While the Court is aware of the time sensitive nature of Defendant's request, the Sixth Circuit has clearly stated that Defendants must first seek release from the BOP rather than come directly to the courts. Defendant's motion for compassionate release will be denied without prejudice due to his failure to exhaust his administrative remedies with the BOP.

### III.

Accordingly, it is **ORDERED** that Defendant's motion for home confinement, ECF No. 27, is **DENIED WITHOUT PREJUDICE**.

Dated: July 20, 2020	s/Thomas L. Ludington
	THOMAS L. LUDINGTON
	United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Perris Demarius Moncrief** #56200-039, ALLENWOOD FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 1000, WHITE DEER, PA 17887 by first class U.S. mail on July 20, 2020.

	s/Kelly Winslow
	KELLY WINSLOW, Case Manager