UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 17-CR-20751

v.                                          Honorable Thomas L. Ludington

PERRIS DEMARIUS MONCRIEF,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On January 4, 2018, Defendant Perris Demarius Moncrief pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 13. He was sentenced to 70 months imprisonment. ECF No. 25. He is currently housed at Federal Correctional Institute, Allenwood Low ("FCI Allenwood Low") in Pennsylvania.

On May 10, 2020, Defendant moved for a transfer to home confinement based on the novel coronavirus ("COVID-19") pandemic. ECF No. 27. His motion was construed as a motion for compassionate release under 28 U.S.C. § 3582(c)(1)(A) and denied without prejudice for failure to include evidence of exhaustion. ECF No. 28. Accordingly, Defendant filed another motion for compassionate release on August 27, 2020—this time with evidence of exhaustion. ECF No. 29. Due to mailing delays, his second Motion for Compassionate Release was not docketed until September 14, 2020. Plaintiff, the United States of America (the "Government"), was directed to respond on October 30 and did so on November 5, 2020. ECF Nos. 30, 31. Since then, Defendant has filed two letters in support of the Motion, claiming that cellmates have tested positive for

COVID-19 and that prison officials are not adequately testing inmates for the disease.[1] ECF Nos. 32, 35.

For the reasons set forth below, Defendant's Motion for Compassionate Release will be denied with prejudice.

## I.

The United States is facing an unprecedented challenge with the COVID-19 pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release

---

[1] The December 28 letter asks that this Court "reconsider [Defendant]" for compassionate release. ECF No. 33 at PageID.144. This letter is not construed as a motion for reconsideration because Defendant's Motion for Compassionate Release had not yet been decided.

- 2 -

> resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On July 24, 2020, Defendant sent a written request for compassionate release to the BOP. ECF No. 29 at PageID.115. His request was denied on August 10, 2020. ECF No. 29 at PageID.116. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

- 3 -

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant moves for compassionate release on his own behalf, § 1B1.13 is "inapplicable," and [u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See id.* at *2 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-

part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[2] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

Defendant, a 37-year-old male, does not claim to have any medical condition that puts him at an increased risk for severe illness from COVID-19.[3] He instead bases his Motion on the spread of COVID-19 to FCI Allenwood Low and his correctional achievements while in custody.[4] *See* ECF No. 29. Without minimizing Defendant's fears, the mere existence of COVID-19 at FCI Allenwood Low is not extraordinary and compelling when there is no indication that Defendant is particularly vulnerable to the disease. *Cf. Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak"). Similarly, this Court is unaware of any authority suggesting that an inmate's correctional achievements—though commendable—constitute an extraordinary and compelling reason for release.

---

[2] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

[3] Defendant's Presentence Investigation Report also discloses no such condition.

[4] FCI Allenwood Low is currently reporting only one active infection in an inmate. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/28K2-H7CY] (last visited Feb. 9, 2021).

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 29, is **DENIED WITH PREJUDICE**.

Dated: February 9, 2021                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Perris Demarius Moncrief #56200-039, FCI Allenwood Low, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1000, WHITE DEER, PA 17887 by first class U.S. mail on February 9, 2021.

                                         s/Kelly Winslow
                                         KELLY WINSLOW, Case Manager